129 F.3d 124
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Henry Douglas CHARLTON, Petitioner-Appellant,
v.
William DUNCAN, Warden, Respondent-Appellee.
Henry DOUGLAS CHARLTON, Petitioner-Appellant,
v.
William DUNCAN, Respondent-Appellee.
 Nos. 96-16050, 96-17116.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 4, 1997.**
Decided Nov. 6, 1997.
 
 Appeal from the United States District Court for the Eastern District of California, Nos. CV-95-05661-OWW and CV-95-05190-OWW/HGB; Oliver W. Wanger, District Judge, Presiding.
 Before: HUG, Chief Judge, PREGERSON and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Petitioner Henry Douglas Charlton appeals the district court's denial of his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Charlton entered a nolo contendere plea to charges of continuous sexual abuse upon a child and lewd act upon a child in California court. He was sentenced to state prison. After Exhausting his state remedies, he petitioned for a writ of habeas corpus in federal district court. We review de novo the district court's denial of habeas corpus relief, but review for clear error any factual findings made by the district court in reaching its decision. Woratzeck v. Stewart, 97 F.3d 329, 332 (9th Cir.1996), cert. denied, 117 S.Ct. 1443 (1997). In addition, we must defer to state court findings of fact unless "based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." Jeffries v. Wood, 114 F.3d 1484, 1500 (9th Cir.1997) (en banc) (citation omitted).
 
 
 3
 * Charlton first contends that the district court erred in denying Charlton's motion to withdraw his guilty plea because he was pressured into pleading guilty by his attorney's representation that he would receive the maximum sentence if he went to trial and was found guilty. Charlton's attorney disputed the allegation that he had ever made such a representation. SEOR 12. The state court accepted the attorney's version of the facts, and the district court found this version fairly supported by the record. SEOR 12. We agree.
 
 B
 
 4
 Charlton also contends that he was denied the effective assistance of counsel for largely the same reason: that his original trial counsel pressured him into pleading guilty, that his subsequent trial counsel failed to appeal the trial court's denial of his request for a continuance to file a second motion to withdraw his guilty plea, and that his appellate counsel failed to raise the foregoing issues on appeal.
 
 
 5
 In order to prevail on an ineffective assistance claim, Charlton must show both that (1) "counsel's representation fell below an objective standard of reasonableness," and (2) there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." See Strickland v. Washington, 466 U.S. 668, 694 (1984).
 
 
 6
 Charlton does not meet the first prong of the Strickland test. His original trial counsel's representation does not fall below an objective standard of reasonableness. That counsel stated--and the state court found--that he told Charlton that if Charlton went to trial and lost he "could"--not "would"--receive the maximum. CT 122-123, 126, 127. We cannot say that this factual finding was unreasonable. Furthermore, his subsequent trial counsel's representation did not fall below an objective standard of reasonableness because the denial of a motion for continuance is not an appealable order. See People v. Peters, 12 Cal.Rptr. 745, 746 (Cal.App.1961); Hufft v. Horowitz, 5 Cal.Rptr.2d 377, 379 n. 1 (Cal.App.1992). Finally, appellate counsel's failure to make the above arguments on appeal does not fall below an objective standard of reasonableness, either. See Jones v. Barnes, 463 U.S. 745, 751-754 (1983) (holding that an attorney need not advance every colorable argument on appeal). This is especially true given the state trial court's determination that Charlton in fact was not pressured into pleading guilty.
 
 C
 
 7
 Finally, Charlton claims that the trial court erred in imposing a $1000 restitution fine without making a finding as to his ability to pay, that trial and appellate counsel were ineffective in failing to raise the issue, and that imposition of the fine violated the due process and equal protection clauses of the federal Constitution.
 
 
 8
 The imposition of the fine involves the interpretation of state law and the propriety of the fine under that law. We agree with the district court that these are matters that are not cognizable in a federal habeas review. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.") (citations omitted).
 
 
 9
 The ineffective assistance of counsel claim fails because Charlton does not demonstrate any prejudice from counsel's alleged failure to challenge the propriety of restitution on appeal. See Strickland, 466 U.S. at 694. The due process claim fails because Charlton does not demonstrate any fundamental unfairness in the state sentencing proceedings. The equal protection claim fails because Charlton does not demonstrate that he was treated differently than other similarly situated petitioners.[1]
 
 
 10
 The judgment of the district court is AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R, App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Charlton also claims in his brief that the state court erred in admitting evidence of uncharged wrongful acts dating back 20 years. Br. at 18. This claim was not raised before the district court, and we will not entertain it for the first time on appeal. See Crawford v. Lungren, 96 F.3d 380, 389 n. 6 (9th Cir.1996), cert. denied, 117 S.Ct. 1249 (1997)